## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott E. Huber<br>　　　　　Debtor | CHAPTER 13 |
| New Penn Financial, LLC d/b/a Shellpoint<br>Mortgage Servicing<br>　　　　　Movant<br>vs. | NO. 16-11339 REF |
| Scott E. Huber<br>　　　　　Debtor | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>　　　　　Trustee | |

### **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,376.65**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 1, 2016 through March 1, 2017 at $1,229.58 |
| | April 1, 2017 at $1,561.11 |
| Suspense Balance: | $511.26 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$14,376.65** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of $14,376.65.

　　b. Movant shall file an Amended of Supplemental Proof of Claim to include the post-petition arrears of $14,376.65 along with the pre-petition arrears;

　　c. The new 410A form for a Proof of Claim shall not be required for the Amended or Supplemental Proof of Claim;

3. . Beginning with the payment due on April 1, 2017 and continuing thereafter, Debtor shall pay the present regular monthly payment of **$1,561.11** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month). Maintenance of current monthly mortgage payments to the Movant thereafter.

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 10, 2017

By: /s/ Thomas Puleo, Esquire
Thomas Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date:_____

John A. DiGiamberardino, Esquire
Attorney for Debtor

Frederick L. Reigle, Esquire
Chapter 13 Trustee
4/3/17

Approved by the Court this **10** day of **April**, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling